**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

LAZARO AGUILON PEREZ,
Petitioner,
v.
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,
Respondents.

Case No. 5:26-cv-01237-SB-SP

**ORDER ACCEPTING THE UNCHALLENGED RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO GRANT PETITION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, the records on file, and the Report and Recommendation (R&R) of the U.S. Magistrate Judge to grant the petition for a writ of habeas corpus. Respondents have not filed any written Objections to the R&R within the time permitted.

Under 28 U.S.C. § 636(b)(1), a district court must conduct de novo review of a magistrate judge's findings and recommendations only when a party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Absent objections, neither the statute nor the Constitution requires any review. *Id.*; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). This rule conserves judicial resources and places responsibility on the parties to identify disputed issues rather than requiring district courts to independently search for errors. *Reyna-Tapia*, 328 F.3d at 1122.

The government's failure to object is particularly significant here because, despite multiple opportunities to brief the issues, it also failed to meaningfully address the central statutory and constitutional questions raised by Petitioner. These omissions implicate a fundamental principle of the adversarial system: courts rely on the parties to identify and develop their competing arguments, while the judiciary serves as a neutral arbiter. *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *see also Margolin v. Nat'l Ass'n of Immigr. Judges*, 608 U.S. 339, 342 (2026) (reaffirming the party-presentation principle). To reject the magistrate judge's recommendation on grounds the government declined to develop would effectively require the Court to construct arguments on the government's behalf and resolve them without the benefit of adversarial briefing or a response from Petitioner. Such an approach would undermine the efficiency Congress intended through the magistrate judge system and risk unfairness to Petitioner, who prevailed before the magistrate judge and had no occasion to respond to objections the government elected not to raise. Under these circumstances, the Court accepts the unchallenged recommendation of the magistrate judge without independently reviewing or adopting the reasoning supporting it.

It is therefore ordered that: (1) the petition is granted and judgment shall be entered accordingly; (2) Respondents shall immediately release petitioner Lazaro Aguilon Perez (A # 246-060-075) from immigration custody, subject to any lawful conditions of release that do not delay or prevent his release; (3) Respondents shall return any confiscated property and documents in their possession or control to Petitioner upon his release; and (4) Respondents shall file a status report no later than three court days from the date of this Order demonstrating compliance with this Order.

Dated: October 13, 2026

Stanley Blumenfeld Jr.
United States District Judge